_____

No. 96-2321
_____

Gerald W. Jennings,                    *
                                       *
        Plaintiff - Appellant,         *
                                       *   Appeal from the United States
    v.                                 *   District Court for the Western
                                       *   District of Arkansas.
Billie J. Jennings; Whirlpool          *
Corporation,                           *
                                       *
        Defendants - Appellees,        *
                                       *
John Hancock Mutual Life               *
Insurance Company,                     *
                                       *
        Defendant,                     *
                                       *
Commercial Life Insurance              *
Company,                               *
                                       *
        Defendant - Appellee.          *


_____

No. 96-2342
_____


Gerald W. Jennings,                    *
                                       *
        Plaintiff - Appellant,         *
                                       *   Appeal from the United States
    v.                                 *   District Court for the Western
                                       *   District of Arkansas.
Billie J. Jennings,                    *
                                       *
        Defendant - Appellant,      *
                                       *
Whirlpool Corporation,                 *
                                       *
        Defendant - Appellee,          *

```
                                    *
John Hancock Mutual Life            *
Insurance Company,                  *
                                    *
        Defendant,                  *
                                    *
Commercial Life Insurance           *
Company,                            *
                                    *
        Defendant - Appellee.       *
                             _____
```

Submitted:  February 10, 1997

Filed:  March 26, 1997
_____

Before BOWMAN and WOLLMAN, Circuit Judges, and BOGUE,[*] District Judge.
_____

BOGUE, Senior District Judge.

The underlying action in this appeal is one for the recovery of accidental death benefits brought pursuant to the Employee Retirement Security Act of 1974 (ERISA), codified at 29 U.S.C. § 1001 *et seq*. Plaintiff, Gerald W. Jennings ("Mr. Jennings"), originally filed this suit in Arkansas state court seeking life insurance benefits and accidental death benefits pursuant to the death of his son, who was also named Gerald Jennings and will hereafter be referred to as "decedent."

In his complaint, Mr. Jennings named: (1) Whirlpool Corporation, decedent's employer and provider of the insurance policies at issue; (2) John Hancock Mutual Life Insurance Company, which issued a life insurance policy on decedent for $42,000 and an accidental death policy for $9,000; (3) Commercial Life Insurance Company which issued an accidental death policy on decedent for $100,000; and (4) Billie

_____

*The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

J. Jennings ("Mrs. Jennings"), decedent's ex-wife who shot decedent to death and is the primary beneficiary on the policies at issue. Mr. Jennings is the secondary beneficiary, and seeks to recover the benefits primarily designated for his former daughter-in-law.

After the case was removed from state court, Mrs. Jennings filed a cross-complaint against her co-defendants (Whirlpool, John Hancock, and Commercial Insurance) seeking the same benefits sought by her former father-in-law. Defendant John Hancock was eventually dismissed with prejudice after paying $51,000 into the Court's registry and the case proceeded among the remaining parties. The remaining issues were whether decedent's death was accidental, and if so, who was entitled to the accidental death benefits.

After consideration of a stipulated record, the District Court[1] dismissed the case in its entirety, granting judgment against Gerald Jennings and Billie Jennings on the grounds that decedent's death was not accidental. Mr. Jennings and Mrs. Jennings now appeal that judgment. We affirm.

There is little dispute as to the facts of this case. Mrs. Jennings and the decedent were divorced on September 13, 1994. During the course of their marriage, throughout their separation and after the divorce, Mrs. Jennings was the recipient of a pattern of verbal and physical abuse from the decedent. In the early morning hours of October 18, 1994, Mrs. Jennings, her children, and her new fiancé Kurt Kasprytzky, were awakened by the decedent knocking on the door and demanding to be let in. Mrs. Jennings let the decedent inside the house and an argument ensued. Throughout the course of the argument, the decedent struck his ex-wife at least once in the head with his fist. At some point, Mrs. Jennings called out to Kasprytzky for help. Kasprytzky entered the room with a pistol and fired two warning shots into the floor. When the decedent retreated,

---

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, Fort Smith Division.

Mrs. Jennings retrieved the gun from Kasprytzky. She fired one more warning shot as the decedent took a step toward her. The decedent grabbed Mrs. Jennings's hands yelling at her to go ahead and shoot him. The gun accidently discharged and hit the decedent in the arm. The decedent let go of Mrs. Jennings's hands and retreated somewhat. He then raised his fist and said "I will kill you" as he charged back at her. Mrs. Jennings turned her head, fired one more shot, and killed her ex-husband.[2]

On appeal, both Mr. Jennings and Mrs. Jennings argue the Court erred in finding the decedent's death was non-accidental. We review of the factual conclusion that this death was not accidental for clear error. Cockrell v. Life Insurance Company of Georgia, 692 F.2d 1164, 1167 (8th Cir. 1982).

Mr. Jennings and Mrs. Jennings argue that under Arkansas law, before his death can be ruled non-accidental, the evidence must establish that the decedent subjectively knew, or would reasonably anticipate, that Mrs. Jennings would shoot him with the intent to kill. They maintain that although her relationship with the decedent was filled with abuse, Mrs. Jennings never retaliated physically or offered any physical reprisals to the decedent in response to such abuse. Moreover, the Jenningses' past history of arguments never involved the use of firearms. Given the circumstances of this case, they argue, the evidence was insufficient to establish the requisite subjective knowledge of the decedent at the time of the shooting. The appellants, however, misstate the applicable law.

Under Arkansas law, proof of death of an insured from injuries received by him raises a presumption of accidental death which presumption continues until overcome by affirmative proof to the contrary on the part of the insurer. Mutual of Omaha v. George, 434

---

[2]Mrs. Jennings was charged with Second Degree Murder in Arkansas state court, and was acquitted of the offense following a jury trial.

S.W.2d 307, 309 (Ark. 1968)(citations omitted).  Death by accident or by accidental means for insurance purposes generally does not include death resulting from injuries received in an encounter provoked by the insured or in which the insured was the aggressor and failed to retire in good faith. Aetna Life Insurance Co. v. Lemay, 236 S.W.2d 85, 87 (Ark. 1951). "However, death may be accidental, even though the insured was the aggressor, if the insured . . . could not reasonably have anticipated that the adversary would respond in such a manner as to seriously injure or kill the insured." Cockrell, 692 F.2d at 1168 (applying Arkansas law).  As the Arkansas Supreme Court has stated:

> Great weight is attached to the insured's ability to foresee the natural and probable consequences of his action.  If the action of the insured is such that a reasonable person would conclude that danger of serious injury might result, recovery would be denied.  If the action is such that the insured could not reasonably foresee the fatal consequences, recovery will be permitted.

Lincoln Income Life Insurance Co. v. Alexander, 328 S.W.2d 266, 270 (Ark. 1959).  If the insured's death was reasonably foreseeable and a natural consequence of his wrongful assault upon another, the insurer is excused from paying accidental death benefits under the policy. Id. *See also*, General American Life Insurance Co. v. Priest, 301 F.2d 390, 394 (10th cir. 1962)(as a general rule, insured's death is accidental unless it was a natural and probable result of his own actions, reasonably foreseeable by him or by a reasonably prudent man in his position).  Thus, the insurer can overcome the presumption of accidental death by showing the decedent knew or reasonably **should have known** that Mrs. Jennings would respond to his attack with deadly force.

The Jenningses refer us to Wade v. Continental Insurance Co., 514 F.2d 304 (8th Cir. 1975) in support of their contention that the decedent's death was accidental.  In Wade, the evidence showed that the decedent and his wife had a long history of domestic quarrels.  Indeed, on many occasions, after being beaten by her husband, Mrs.

Wade had been hospitalized.  Yet Mrs. Wade had never offered violent retaliation, and neither party had ever threatened the other with death or brandished a gun.  During one such quarrel, after Mr. Wade hit his wife, she said to him "If I had a gun, I'd shoot you."  Mr. Wade promptly retrieved a gun, loaded it, handed it to Mrs. Wade and told her to go ahead and shoot.  She did.  Applying Iowa law, the Court reversed the district court and ruled that despite the obvious taunt and defiance by Mr. Wade, there was no evidence to show that he would reasonably foresee that his wife would actually shoot him. Id. at 307.  The Court held that "there [was] no evidence to support a finding that the shooting was 'according to the usual course of things' or 'the natural and usual . . . result' of handing a previously law abiding and long-suffering wife a gun, even with a defiant challenge to use it." Id.(citation omitted).[3]

The Jenningses argue that, as in Wade, although the decedent taunted Mrs. Jennings to shoot him, based upon her history of passivity, her lack of physical reprisals, and the lack of the use of firearms in the past, the evidence before the Court fails to establish that the decedent would reasonably anticipate that Mrs. Jennings would actually shoot him with the intent to kill.  We disagree.

There are important factual differences between Wade and the case at bar which bring this case outside the realm of accidental death.  As the District Court correctly observed, the facts of this case are far more egregious than Wade and the other cases cited by the Jenningses.  Mrs. Jennings and the decedent were divorced and she had a new fiancé.  The decedent was under a restraining order at the time he violated the peace and tranquillity of Mrs. Jennings's home.  Mrs. Jennings was holding the decedent at gunpoint during a

_____

[3]The Wade court also attached much importance to the fact that Mrs. Wade was subsequently convicted of manslaughter in state court.  "The general rule is that one has no duty to foresee the criminal conduct of another." Wade, 514 F.2d at 307.

particularly tense moment in the encounter.  Most importantly, the decedent received several warning shots prior to being fatally shot.  Mr. Kasprytzky fired two warning shots into the floor.  Mrs. Jennings fired one warning shot herself and a fourth bullet actually struck the decedent in the arm. At this point, although Mrs. Jennings had never retaliated before and no firearm had ever been used in their past quarrels, the decedent was aware that Mrs. Jennings was pointing a gun at him during an extremely tense moment and was capable of firing it.  We cannot say the District Court clearly erred in finding that when the decedent charged Mrs. Jennings one last time, he should have foreseen his death.

Accordingly, the judgment of the District Court is affirmed.


A true copy.

    Attest:


        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.